## John W. Gray, Appellee, v. City of Joliet, Appellant.

### Gen. No. 6,492. (Not to be reported in full.)

Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of facts. Opinion filed April 9, 1918.

### Statement of the Case.

Action by John W. Gray, plaintiff, against City of Joliet, defendant, for labor, and services and supplies furnished defendant in making and preparing assessments and spreading them on the assessment rolls for street improvements. From a judgment for plaintiff for $870, defendant appeals.

EDWARD R. NADELHOFFER, for appellant.

WILLIAM C. MOONEY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 17*—what is judicially noticed. Judicial notice will be taken that the population of a certain city is less than a certain number.

2. MUNICIPAL CORPORATIONS—when city not liable for supplies furnished and services rendered on street improvement assessments. Where one performs services and furnishes supplies to a city in making and preparing street improvement assessments and in spreading them on the assessment rolls, under ordinances providing for the expense thereof, and proceedings under the ordinances are abandoned and no money collected under them, there is no liability on the part of the city.

3. EVIDENCE, § 32*—presumption as to knowledge of law. It

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

must be presumed that one performing labor for a city in relation to assessments for street improvements is informed as to the law governing his right of recovery for such labor.

4. PLEADING, § 455*—*when error in affidavit of merits is waived.* Any error in an affidavit of merits in failing to mention a specific defense is waived where the parties go to trial with no plea on file and there is no objection to proceeding with the case without an issue joined.

5. JUDGMENT, § 8*—*when plaintiff not entitled to after default.* In case of a default, if the plaintiff undertakes to prove his demand and the evidence introduced shows he has no legal claim against the defendant, he is not entitled to a judgment.

6. APPEAL AND ERROR, § 1802*—*when case not remanded.* Where a judgment is reversed and there can be no recovery, the case will not be remanded.